IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:23-CR-462-007 |
| | ) | |
| Plaintiff | ) | JUDGE BENITA PEARSON |
| VS | ) | |
| | ) | **SENTENCING** |
| NIMAR LINDER | ) | **MEMORANDUM** |
| | ) | |
| Defendant | ) | |

  Now comes the Defendant, NIMAR LINDER, and submits this memorandum in regard to his sentencing set for November 13, 2024 at 3:00PM in this Court.  Mr. Linder indicates through counsel that the first Pre-Sentence Report was filed on 8/8/24 and received by Counsel on that date. There were no objections by counsel to the computations made therein. Mr. Linder was charged with four counts of an indictment involving seven people. Mr. Linder was charged with one count of Conspiracy to Engage in Dealing in Firearms Without a License (18 USC 371 and 18 USC 922 (a) (1)(A)) and three counts of Felon in Possession of a Firearm 18 USC (22 (g)(1) and 924(a)(8). At the time of the Complaint, no additional federal charges were dismissed or merged as a result of any plea negotiations.

  Mr. Linder entered a guilty plea on June 20, 2024.

  A plea agreement was entered into prior to sentencing. The plea agreement noted that the computations were correct and there were no objections from the defendant.  Also noted in the plea agreement was an agreement that the parties were free to recommend whatever sentence it believed to be appropriate . (Plea Agreement para. 5) It is upon this particular paragraph that Mr. Linder offers the following as his Sentencing Memorandum for the Court's consideration.

I. The Category of III Overstates Mr Linder's Criminal Actual Criminal History

As per the PSR, Mr. Linder has been assigned a Criminal History category of III based on 6 Criminal History Points. Mr. Linder contests the validity of that summary and submits that number significantly overstates his actual criminal history. He submits herein that his Criminal History category would be more appropriate at a II.

Mr. Linder's Criminal Record consists of 5 convictions based on 6 criminal history points. 1 for each of the four convictions and 2 points for committing the instant offense while on probation. Of the four convictions two are misdemeanors. The most recent of them was a minor misdemeanor and is no longer a crime. That would be a possession of marijuana last year shortly before his arrest. His oldest crime was committed at the age of 17 and treated in juvenile court. That was an attempted identity theft and attempted identity fraud. Based on O.R.C. for the year noted (2019) both of the offenses appear to be misdemeanors. In the interest of fairness both of those convictions should not be counted.

That would leave the remaining three convictions, which, although low-level felonies deserve review. The crimes were Attempted Robbery and Violation of a TPO (both felony 4's) and Weapon Under Disability (Felony 5). All three of these arrests were within a nine-month period, from September of 2021 through June of 2022. The Domestic Violence charge and the Violation of the TPO were related, involving the same victim and the same premises. The Weapon Under Disability did involve a firearm.

It is obvious that Mr. Linder's entire criminal history took place within what was arguably the worst 9 months of his life. His relationship had gone awry and his ill-conceived attempt at repairing it led to another felony-almost identical to the first. Prior to that one period in his life- he had been an athlete on a high school scholarship-full of promise and-as he told the court in an earlier discourse-a person with plans. Prior to that period, he had one criminal conviction-which was in juvenile court. After that period he had a traffic offense resulting in a marijuana conviction.

That was it until the instant case.

Mr. Linder lost his scholarship due to academic failure yet still maintained. He finished high school with good grades. He has run a business and even started college prior to his arrest on this case.

He asks that Court not consider the two offenses mentioned above in sentencing which would leave him with 4 criminal history points. Further, we would ask the Court, based on the above arguments and factors listed to vary, and place him in a Category II rather than a III and sentence him at the minimum in that category. Mr. Linder also asks that the Court consider the arguments below.

II. Sentencing Entrapment

Entrapment is generally a defense presented by a Defendant prior to disposition. It is a defense which often arises when the government is involved in undercover methods to lure potential offenders into acting accordingly, defined as

"The acts of officers or agents of the government in inducing a person to commit a crime not contemplated by him, for the purpose of instituting criminal prosecutions against him" Sherman v. US 356 US 369 (1958)

and works as an affirmative defense to a criminal prosecution. The doctrine of entrapment -in all jurisdictions including federal- requires proof, subjectively or objectively, that the arrested was "predisposed" commit the crime with or without the government's role in the act. See US v Turner 569 F3d 637,641 (7th Circuit,2009)

It is raised here not as a defense, but as a mitigating issue in Mr. Linder's sentencing. Mr. Linder submits that the government engaged in what has been referred to as "sentencing entrapment". The doctrine rests on the principle that in creating a crime or criminal enterprise- which is the case here- the government becomes detrimental in creating as well adversely effecting the length of the sentence -particularly in federal cases where the length of the sentence depends on sentencing factors and enhancements within the government's control.

In the instant case, the government contacted one member of the alleged conspiracy-before there

was a conspiracy at all-via an undercover agent. The agent presented that co-conspirator with an offer to buy guns from anyone who was willing to provide them and asked that co-conspirator find willing sellers. The pitch was successful, resulting in 29 separate gun sales. The government paid generous prices for the weapons and a number of people responded, among them Mr. Linder. Mr. Linder was given $6000.00 for weapons worth much less. In such a situation, once the offender is lured into the enterprise, the government is able to virtually control how many sentencing factors or enhancements may apply at sentencing.. they can

" ..offer to obtain a weapon for the suspect, encouraging him to select an automatic rather than a hand gun..guid(ing) the transaction to school zone..request for the suspect to bring associates to a meeting "or in the case a money laundering scheme"provide the money."

Sentencing After Stash Houses, Fordham Law Review,Volume 91, Issue 1 at 209 (2022)

The doctrine itself s been alluded to by the 6th circuit in *US v. Allen* 22-2158 (2024) where the Court analyzed the argument of sentencing entrapment but refused to rule on it based on other grounds. The Court did indicate it would "consider the availability of sentencing entrapment...another day." and affirmed on other grounds. *Allen*,supra at 8.

In short, the govt, working with virtually unlimited financial resources is able to expand or contract the length of sentence as to how they direct the "investigation". And Mr. Linder is not a wealthy man, making him (and the co-defendants, for that matter) susceptible to such offers as the government created here. Further Mr. Linder, despite having a criminal record, does not have a history of selling firearms. He is not predisposed to commit such a crime and it would not have occurred without the government's actions. Wherefore he submits that at a minimum the 2 points added to his Offense Level for "number of weapons" are essentially the result of the Government's actions and should not be counted.

Conclusion

Mr. Linder asks that the Court use this information to vary in its sentencing, specifically he asks that he be placed in a criminal History Category II and a final offense level of 25. Moreover, Mr. Linder finally submits that since the sales were the direct and total result of the Government's

creation, that he be sentenced at the same level or lower than those co-defendants already sentenced. In the alternative, he asks that he be sentenced at a final offense level of 25, Criminal History Category II at the lower end of the guideline range. He finally asks the Court sentence him to the recommendations he has cited above or below that level.

        Respectfully submitted

    /s/ Lawrence L. Delino, Jr.
LAWRENCE L. DELINO, JR. #0024711
Attorney for Defendant
137 South Main Street Suite 204
Akron, Ohio 44308
330-535-9330

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to all parties of record by this electronic filing on the 4th day of November, 2024.

    /s/ Lawrence L. Delino, Jr.
LAWRENCE L. DELINO, JR.
ATTORNEY FOR DEFENDANT